Kenneth N. Browne, J.
In this proceeding by the petitioner-landlord against the respondent-tenant to recover real property in summary proceeding, on the ground of nonpayment of rent, the petitioner alleges that the respondent, Sylvia Bartley, was a tenant of its premises by entering into possession thereof under a written rental agreement made on or about the 6th day of June, 1967 and continued in possession under that agreement until its expiration on the 30th day of June, 1969. That thereafter, there was an agreement dated May 29,1969, in which the respondent-tenant is alleged to have agreed to pay rent in the sum of $190 each and every month in advance on the 1st day of each month. That the premises from which removal is sought is Apartment 46-E on the garden floor, consisting of 3% rooms in premises known as 88-46 163rd Street in Jamaica, New York, and that as a result of said agreement, tenant has failed to pay the rent due and payable on the 1st day of July, 1969, in the sum of $190. The petition then states that the premises were not subject to rent control by reason of the fact that the building was constructed in 1965 and that it is further not subject to the Rent Stabilization Law of 1969, by reason of *542 the fact that the building was not a multiple dwelling containing six or more dwelling units.
The petitioner-landlord submitted, in evidence of its contention, a written lease dated June 6, 1967, in which the tenancy was to commence on the 1st day of July, 1967, and terminate on the 30th day of June, 1969, and that the annual rent reserve as $1,740 payable in equal monthly installments of $145 per month. The petitioner-landlord further introduced into evidence a deed to the premises and a certificate of occupancy for this particular dwelling unit, and in addition thereto, submitted into evidence letters dated April 16, 1969, and April 24, 1969. The letters read respectively as follows: ‘ ‘ In accordance with Paragraph 19 of your lease entitled ‘ Automatic Renewal, ’ please be advised in accordance with a notice provision therein your lease will not be renewed in accordance with the term therein. Please contact me in order that we may discuss renewal terms before April 23, 1969.”
That thereafter, on April 24, 1969, the landlord sent the subsequent letter which reads as follows: “ Dear Miss Bartley: Since we have been unable to come to an agreement on the term for a new lease, you are hereby notified that your lease expiring June 30,1969, on the above apartment will not be renewed.”
However, the landlord then submitted into evidence a notice dated May 29,1969, purporting to be a 30-day notice terminating monthly tenancy which the landlord notified the tenant; that the notice of the previous day setting forth $290 per month as the new rental was in error, and that the new rental beginning the 1st day of July 1969 was to be $190 each and every month, payable on the 1st day of each month.
The respondent-tenant answering the petition herein, denies the allegations that there is due and owing to the landlord from her $190 per month and argues that the tenancy herein is subject to the Rent Stabilization Law of 1969. There is unrefuted testimony to the effect that the landlord operates at Chevy Chase Town House eight separate though attached garden apartment dwellings, each of which contain five dwelling units. There is further, undisputed testimony that these units have a common parking facility, a common laundry room, a common central heating plant and a common superintendent, and further, a common rental agent.
This court finds, as a matter of fact, that the allegations as set forth in the petition that these premises are not subject to the Rent Stabilization Law of 1969, for the reason that the building is not a multiple dwelling containing six or more dwelling units is without merit.
*543 This court finds no factual difference between an apartment dwelling spread out and denominated garden apartments in which 40 families reside and an apartment dwelling of 12 or 13 floors in which 40 family units are located. Therefore, this court finds, as a matter of fact, that the petitioner-landlord’s dwelling units are in fact subject to the 1969 Bent Stabilization Law and hence, the landlord could not legally increase the rental on a new leasing agreement for a two-year period by more than 10% and a three-year period by more than 15%.
The foregoing facts having been found, this court is impelled to dismiss the petition on the ground that the petitioner has failed to prove each and every allegation in the petition as is required by the Beal Property Actions and Proceedings Law.